1  Andrew J. Kozlow (State Bar No. 252295)
   Gonzalo Morales (State Bar No. 334944)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California 94111-4615
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401
   E-mail: Andrew.Kozlow@jacksonlewis.com
5  E-mail: Gonzalo.Morales@jacksonlewis.com

6  Attorneys for Defendants
   NAPA LW HOSPITALITY CORPORATION,
7  LODGEWORKS PARTNERS, L.P. AND
   LODGEWORKS PAYROLL, LLC
8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12 | MARISSA HARTMAN, individually and on behalf of others similarly situated, | Case No. 23CV001166
13 | Plaintiffs, | **DEFENDANT NAPA LW HOSPITALITY CORPORATION'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b), AND 1446**
14 | |
15 | v. |
16 | NAPA LW HOSPITALITY CORPORATION, a Kansas corporation; LODGEWORKS PARTNERS, L.P., a Kansas limited partnership; and LODGEWORKS PAYROLL, LLC, a Kansas limited liability company; and DOES 1 through 25, inclusive, |
17 | |
18 | |
19 | Defendants. | Complaint Filed: 09/13/2023
   |  | Trial Date: Not set

20

21   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

22 FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF MARISSA HARTMAN

23 AND HER ATTORNEY OF RECORD:

24   PLEASE TAKE NOTICE that Defendant NAPA LW HOSPITALITY CORPORATION

25 ("Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332 (as

26 amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")),

27 1441(a) and (b) and 1446, and removes the above-entitled action to this Court from the Superior

28 Court of the State of California in and for the County of Napa.

1
Defendant Napa LW Hospitality Corporation's Notice of Removal                Case No.

## I. PROCEDURAL BACKGROUND.

1. On September 13, 2023, Plaintiff Marissa Hartman ("Plaintiff") filed a civil class action complaint (the "Complaint") against Defendant in the Superior Court of the State of California in and for the County of Napa entitled Hartman v. Napa LW Hospitality Corp. *et al*., Case No. 23CV001166 which alleges a putative class of "[a]ll current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint until final judgment[]" and sets forth the following nine (9) causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Period Premiums; (4) Failure to Provide Rest Period Premiums; (5) Failure to Pay Wages Timely During Employment; (6) Failure to Provide Accurate Wage Statements; (7) Failure to Pay Final Wages Timely; (8) Failure to Reimburse Necessary Business Expenses; and (9) Unfair Competition. Complaint, ¶ 23.

2. Defendant was served with Plaintiff's Summons and Complaint and related court documents on September 21, 2023. Declaration of Gonzalo Morales ("Morales Decl.") ¶ 2, Exhibit A.

3. On September 20, 2023, the Court issued a notice of case management conference. *Id.* at ¶ 3, Exhibit B.

4. On October 23, 2023, Defendant filed and served its Answer in the Napa County Superior Court. *Id.* at ¶ 4, Exhibit C.

## II. REMOVAL IS TIMELY.

5. This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served a copy of Plaintiff's Summons and Complaint upon which this action is based. This Notice of Removal is therefore filed within the period provided by 28 U.S.C. § 1446(b).

6. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Napa Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

7. Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

8. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(5).

9. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action involving more than 100 members, and based on the allegations in the Complaint the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on Plaintiff's own itemization of penalties, and Plaintiff is a citizen of a state different from Defendant. Furthermore, the Defendant is not a State, State official, or other governmental entity.

#### A. The Putative Class Has More Than 100 Members.

10. CAFA provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

11. Here, Plaintiff alleges a putative class of "[a]ll current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint until final judgment." Complaint, ¶ 23. Between September 13, 2019, through the present (the "Class Period"), defendants in this action, collectively, have employed 537 nonexempt employees in the

1  State of California.  Declaration of Jennifer McPherson ("McPherson Decl."), at ¶ 6.  As such,
2  this Court properly has jurisdiction over this matter under CAFA as the number of members in
3  Plaintiff's proposed class is more than 100.

**B.     Diversity Of Citizenship Exists.**

12.    CAFA's diversity requirement is satisfied when at least one member of a class of plaintiffs is a citizen of a state in which none of the defendants are citizens, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C. § 1332(d)(2).

13.    "An individual is a citizen of the state in which he is domiciled[.]"  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  Here, Plaintiff at the time of filing of the Complaint alleges she was a resident of the State of California.  *See* Complaint at ¶ 6.  Further, Defendant is informed and believes that Plaintiff resides in Vallejo, California.  McPherson Decl., at ¶ 3.  Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

14.    A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v Friend*, 559 U.S. 77, 80-81 (2010).  A corporation can only have one "nerve center."  *Id*. at 93-94.  In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state.  *Id*.

15.    Here, Defendant Napa LW Hospitality Corporation, both at the time this action was commenced and the time it was removed to federal court, is a citizen of the State of Kansas within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under

1  the laws of the State of Kansas, with its principal place of business and corporate headquarters
2  located at 8100 E. 22nd St., N. Bldg. 500, Wichita, Kansas 67226, which is where its primary
3  executive, administrative, financial, and management functions are conducted and where most of
4  its corporate officers direct, control, and coordinate its corporate and business activities.  Herbert
5  Decl., ¶¶ 3,4.  Therefore, Defendant Napa LW Hospitality Corporation is a citizen of Kansas,
6  and not of California.

7  16.  Under CAFA, limited liability companies ("LLC") and limited partnerships
8  ("LP") are considered unincorporated associations and deemed citizens of the state where they
9  have their principal place of business and the state under whose laws they were organized.  28
10 U.S.C. § 1332(d)(10); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032, n. 13 (9th Cir.
11 2009) (applying § 1332(d)(10) to a limited partnership); *Ramirez v. Carefusion Res., LLC*, 2019
12 U.S. Dist. LEXIS 112995, at *4 (S.D. Cal. July 1, 2019) (under CAFA, an LLC is a citizen of the
13 State under whose laws it is organized and the State where it has its principal place of business);
14 *see also Lafountain v. Meridian Senior Living*, No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist.
15 LEXIS 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015); *Marroquin v. Wells Fargo, LLC*, No. 11-CV-
16 163-L-BLM, 2011 U.S. Dist. LEXIS 10510, 2011 WL 476540 (S.D. Cal. Feb. 3, 2011).

17 17.  Here, Defendants LodgeWorks Partners, L.P. and LodgeWorks Payroll, LLC,
18 both at the time this action was commenced and the time it was removed to federal court, are
19 both citizens of the State of Kansas within the meaning of Section 1332(d)(10), because they
20 were at all times a LP and LLC, respectively, formed under the laws of the State of Kansas, and
21 both with their principal place of business and corporate headquarters located at 8100 E. 22nd
22 St., N. Bldg. 500, Wichita, Kansas 67226, which is where their primary executive,
23 administrative, financial, and management functions are conducted and where most of their
24 executive officers direct, control, and coordinate their business activities.  McPherson Decl., ¶¶
25 4, 5.  Therefore, Defendants LodgeWorks, L.P. and LodgeWorks Payroll, LLC, are citizens of
26 Kansas, and not of California.

27
28

1    18.    The presence of Doe defendants has no bearing on the diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

19.    Accordingly, CAFA's minimal diversity requirement is satisfied because Plaintiff is a citizen of a state, *i.e.*, California, in which none of the defendants are citizens. *See* 28 U.S.C. § 1332(d)(2).

**C.    The Amount in Controversy Exceeds $5,000,000.**

20.    CAFA authorizes the removal of class action cases in which the amount in controversy of all class members in the aggregate exceeds $5,000,000. 28 U.S.C. Section 1332(d).

21.    A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[]" within the removing party's notice of removal and is not required to submit evidence in support of its removal allegations. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

22.    Although the Complaint does not specify the dollar amount of damages being sought, and without admitting that Plaintiff could recover any damages, Defendant has a good faith belief that the amount in controversy in this action could well exceed $5,000,000, exclusive of interest and costs.

23.    Plaintiff alleges the following nine claims on behalf of himself and the putative class members during the Class Period: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Period Premiums; (4) Failure to Provide Rest Period Premiums; (5) Failure to Pay Wages Timely During Employment; (6) Failure to Provide Accurate Wage Statements; (7) Failure to Pay Final Wages Timely; (8) Failure to Reimburse Necessary Business Expenses; and (9) Unfair Competition. Complaint, ¶ 23.

24.    Plaintiff further alleges that:

"Defendants engaged in a *pattern and practice* of wage abuse against their hourly-paid and/or non-exempt employees. . . . this pattern and practice of wage

abuse involved, *inter alia*, . . . failing to provide *all meal and rest breaks* to which they were entitled and failing to pay meal and rest break premiums when due, failing to timely pay wages during employment and upon termination of employment, failing to provide accurate wage statements[.]"

*Id.* at ¶ 20 (emphasis added).

25. During the Class Period, the putative class members worked an average of 46 workweeks, which start on Sundays and end on Saturdays. McPherson Decl., at ¶ 8. The average hourly rate of the putative class members, including Plaintiff, was $22.88 during the Class Period. *Id*. at ¶ 9.

### 1. Claim for Failure to Provide Rest Period Premiums.

26. According to California Labor Code Section 226.7, no employer shall require any employee to work during any meal or rest period. Cal. Lab. Code § 226.7(a). If an employer fails to provide an employee a meal or rest period, the employer shall pay the employee an additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided. Cal. Lab. Code § 226.7(c).

27. Based on Plaintiff's allegation that "Defendants engaged in a pattern and practice of . . . failing to provide all meal and rest breaks to which [putative class members] were entitled," a 100% violation rate is supported resulting (at a minimum) in five missed rest periods per week and thus five hours of premium wages owed per week. *See Mendoza v. Nat'l Vision, Inc.*, No. 19-cv-01485-SVK, 2019 U.S. Dist. LEXIS 112984, at *20 (N.D. Cal. July 8, 2019) (approving a 100% violation rate where the complaint alleged a uniform policy of violating various Labor Code provisions); *Byrd v. Masonite Corp.,* No. EDCV 16-35 JGB (KKx), 2016 U.S. Dist. LEXIS 60078, at *6-7 (C.D. Cal. May 5, 2016) (finding a 100% violation reasonable where the plaintiff alleged that wage statement violations occurred "at all material times" because of a "uniform policy/practice of wage abuse").

28. Based on the *conservative* assumption that each of the 537 putative class members are owed five hours of premium wages per workweek for five missed rest periods per week at the average hourly rate of pay during the Class Period, the amount in controversy for the rest

period claim is: **$2,825,908.80** (537 putative class members during Class Period x $22.88 rate of pay during Class Period x 5 hours of premium wages owed x 46 average workweeks during Class Period).

### 2. Claim for Failure to Provide Accurate Wage Statements.

29. Pursuant to California Labor Code section 226(e)(1), an employee suffering injury as a result of a knowing and intentional failure by an employer to provide accurate itemized wage statements (as Plaintiff alleges) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.  Cal. Lab. Code § 226(a), (e)(1).  As a penalty, Labor Code section 226 has a one-year statute of limitations.  Cal. Civ. Code. § 340.

30. Here, defendants in this action, collectively, employed 318 nonexempt employees in California within the one-year statute of limitations (September 13, 2022, to the present). McPherson Decl., at ¶ 7.  The putative class members, including Plaintiff, were paid bi-weekly throughout the Class Period.  *Id*. at ¶ 10.  Therefore, within the one-year statute of limitations, each of the 318 putative class members would have received twenty-six (26) wage statements.

31. Based on the conservative assumption that each of the 318 putative class members within the one-year statute of limitations is owed five hours of premium wages per week for five missed rest periods per week, as shown above, we can assume that each of the twenty-six wage statements the 318 putative class members received within the one-year statute of limitations were inaccurate in violation of Labor Code section 226(a).  *See Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93 (2022) (holding that because premium pay for missed meal and rest breaks constitute wages, failure to pay such premiums will trigger derivative claims for wage statement and waiting time penalties).

32. The total penalty amount for the initial pay period in which the violation occurred out of the twenty-six pay periods would be $15,900 ($50 x 318 putative class members within one-year statute of limitations).  The total penalty amount for the subsequent violations would be $795,000 ($100 x 25 remaining pay periods out of 26 x 318 putative class members within the

one-year statute of limitations). When combined, the amount in controversy for the alleged inaccurate wage statement claim is: **$810,900.00** ($795,000 + $15,900).

### 3. Claim for Failure to Pay Final Wages Timely.

33. California Labor Code Section 203 provides "waiting time" penalties to an employee for an employer's failure to pay the employee all wages owed at termination in the amount of one day's wages for each day all owed wages remain unpaid up to a maximum of thirty days. Cal. Lab. Code § 203(a).

34. Again, based on the conservative assumption that each of the 537 putative class members during the Class Period is owed five hours of premium wages per week for five missed rest periods per week, as shown above, we can assume that all of the 537 putative class members who are former employees are owed waiting time penalties at the average hourly rate during the Class Period for the maximum penalty of thirty days of wages. *See Naranjo*, 13 Cal. 5th 93 (holding that because premium pay for missed meal and rest breaks constitute wages, failure to pay such premiums will trigger derivative claims for wage statement and waiting time penalties).

35. At the time of this removal, of the 537 putative class members during the Class Period, 370 are former employees. McPherson Decl., at ¶ 6.

36. Therefore, based on the assumption that each of the 370 putative class members who are former employees are owed thirty days of wages at the average hourly rate during the Class Period as waiting time penalties, the amount in controversy for this claim is: **$2,031,744.00** (370 former employees during the Class Period x $22.88 average hourly rate during the Class Period x 8 hours per day x 30 days).

37. Accordingly, as outlined below, it is plausible that the amount in controversy in this action exceeds the jurisdictional threshold of $5,000,000—based on only three of Plaintiff's claims. For example, the total below does not include any potential damages for alleged unpaid minimum and overtime wages, meal period premiums, nor potential attorneys' fees[1].

---

[1] *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount); *see also In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

| CLAIM | AMOUNT IN CONTROVERSY |
|---|---|
| Labor Code Section 203 (waiting time penalties) | $2,031,744.00 |
| Labor Code Section 226 (wage statement claim) | $810,900.00 |
| Labor Code Section 227.6 (rest break claim) | $2,825,908.80 |
| **TOTAL** | **$5,668,552.80** |

### IV.   ALL OTHER DEFENDANTS CONSENT.

38.   All named defendants consent to the removal of this action to federal court.

### V.   VENUE IS PROPER.

39.   Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and all defendants in this action are subject to personal jurisdiction in the Northern District of California.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California in and for the County of Napa to this Court.

Dated:  October 23, 2023                                JACKSON LEWIS P.C.

By:   /s/ Andrew J. Kozlow
Andrew J. Kozlow
Gonzalo Morales
Attorneys for Defendants
NAPA LW HOSPITALITY CORPORATION, LODGEWORKS PARTNERS, L.P. and LODGEWORKS PAYROLL, LLC

4881-3963-5329